UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
SERGEI CHEPILKO,                                    Case No.   08-CV-4033

                       Plaintiff,

   -against-

CIGNA GROUP INSURANCE,

                       Defendant.
-----------------------------------------------------------------X

## DEFENDANT CIGNA GROUP INSURANCE'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO DISMISS PLAINTIFF'S COMPLAINT

Defendant CIGNA Group Insurance ("CGI"), a non-legal entity sued erroneously herein, by its attorneys Wilson, Elser, Moskowitz, Edelman & Dicker LLP, respectfully submits this Memorandum of Law in support of its Motion to Dismiss Plaintiff's Complaint, pursuant to Federal Rule of Civil Procedure 12(b)(6).

### I.   FACTUAL BACKGROUND

CIGNA Life Insurance Company of New York issued group long-term disability benefits insurance policy no. NYK0001972 (the "Policy") to Weill Medical College of Cornell University ("Cornell-Weill") that provided for payment of monthly disability benefits for Cornell-Weill employees who became disabled under the terms of the Policy. Plaintiff, an employee of Cornell-Weill, submitted a claim for disability benefits. On June 7, 2002, CLICNY issued a letter denying Plaintiff's claim for disability benefits on the ground that Plaintiff was not disabled as that term is defined in the Policy. On December 1, 2002, Plaintiff appealed CLICNY's decision to disallow benefits. On February 12, 2003, CLICNY upheld the decision to deny Plaintiff's application for disability benefits.

2104761.1

On April 29, 2008, Plaintiff brought the captioned lawsuit, alleging a cause of action in breach of contract. Pl's Complaint, Exhibit A, ¶13.

## II. RELIEF REQUESTED

Defendant requests that the court dismiss Plaintiff's Complaint because (1) plaintiff alleges state law breach of contract claims that are pre-empted by the Employee Retirement Income Security Act ("ERISA") and (2) defendant CGI is not a proper party to this action.

## III. ARGUMENT

### A. ERISA Preempts Plaintiff's State Law Breach of Contract Claims.

ERISA provides the exclusive remedy for disputes relating to employee benefit plans and preempts common law breach of contract claims. See 29 U.S.C. § 1144(a); Smith v. Dunham-Bush, 959 F.2d 6, 8 (2d Cir. 1992). Thus, in this case, since the dispute relates to an employee benefit plan that CLICNY issued to Plaintiff through his employer, Cornell-Weill, it is governed by ERISA. See Pl's Complaint, attached to the Declaration of Michelle M. Arbitrio at Exhibit A, ¶ 6. See also, Community General Hospital v. Zebrowski, No. 5:03 Civ. 249, 2004 U.S. Dist. LEXIS 15086, *19 (N.D.N.Y. Aug. 2, 2004). Accordingly, this court should dismiss this matter pursuant to Fed. R. Civ. P. 12(b)(6) because plaintiff has failed to state a cause of action upon which relief can be granted.

### B. CGI is not a Proper Party to this Action

The court should also dismiss plaintiff's complaint because CIGNA Group Insurance is not a proper party to this action. CGI is a service mark used for marketing purposes that includes Life Insurance Company of North America, Connecticut General

2104761.1

Life Insurance Company, and CIGNA Life Insurance Company of New York, under a single name for organization purposes. CGI does not have employees, underwrite insurance, issue insurance policies, or pay insurance claims. In this case, CIGNA Life Insurance Company of New York, formerly INA Life Insurance Company of New York, issued the Cornell-Weill Long-Term Disability Insurance Policy. The Policy, attached to Declaration of Michelle M. Arbitrio at <u>Exhibit B</u>. Accordingly, this court should dismiss the plaintiff's complaint against CGI, because it is not a proper party.

### IV. CONCLUSION

Accordingly, because ERISA preempts plaintiff's state law claims, and because plaintiff improperly named CGI as a party to this action, the Court should dismiss Plaintiff's Complaint.

WHEREFORE, CGI respectfully requests that this Court enter an order dismissing the Complaint against Prudential pursuant to Federal Rule of Civil Procedure 12(b)(6).

Dated:	White Plains, New York
	September 2, 2008

                                          Respectfully submitted,

                                          WILSON, ELSER, MOSKOWITZ,
                                          EDELMAN & DICKER LLP

By: *[signature]*
                                          Michelle M. Arbitrio (MA 2137)
                                          Attorney for Defendant
                                          CIGNA Group Insurance

3 Gannett Drive
White Plains, New York 10604
(914) 323-7000
michelle.arbitrio@wilsonelser.com
File No.: 09856.00217

2104761.1

## CERTIFICATE OF SERVICE

This is to certify that the foregoing Defendant's Memorandum of Law in Support of its Motion to Dismiss Plaintiff's Complaint was served by ECF and sent by overnight mail on September 5, 2008 to the following:

>Mr. Sergei Chepilko
>501 Surf Avenue, Apt. 13A
>Brooklyn, NY 11224

_____
Michelle M. Arbitrio, Esq.

2104761.1

## AFFIDAVIT OF SERVICE

STATE OF NEW YORK        )
                                              )SS :
COUNTY OF WESTCHESTER    )

UNDINE MASSIAH, being duly sworn, deposes and says: deponent is not a party to the action, is over 18 years of age and resides in Brooklyn, New York.

On the 5th day of September, 2008, deponent served the within

**DEFENDANT CIGNA GROUP INSURANCE'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

Upon:

Sergei Chepilko *Pro Se*
501 Surf Avenue, Apt. #13A
Brooklyn, New York 11224

a copy of the foregoing which was filed electronically by operation of the Court's electronic filing system and/or by overnight mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

_____
UNDINE MASSIAH

Sworn to before me this
5th day of September, 2008

_____
Notary Public

**MAURA LOOBY**
Notary Public, State of New York
No. 01L04921163
Qualified in Putnam County
Commission Expires May 31, 2010

2107961.1