**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
--------------------------------------------------

**SERGEI CHEPILKO,**

                **Plaintiff,**

     - against -

**CIGNA LIFE INSURANCE COMPANY OF**
**NEW YORK,**

                **Defendant.**
--------------------------------------------------

**08 Civ. 4033 (JGK)**

**MEMORANDUM OPINION AND ORDER**

**JOHN G. KOELTL, District Judge:**

The pro se plaintiff, Sergei Chepilko, brought a breach of contract action against the defendant, Cigna Life Insurance Company of New York ("CLICNY"), following CLICNY's decision to deny the plaintiff disability benefits for which he applied in 2002 pursuant to a Group Long-term Disability Insurance Policy (the "Policy") issued by CLICNY that Chepilko had through his former employer. This Court granted the Defendant's Motion for Summary Judgment. Chepilko v. Cigna Grp. Ins., No. 08 Civ. 4033, 2012 WL 2421536, at *1 (S.D.N.Y. June 27, 2012). The plaintiff now seeks reconsideration of that decision.

**I.**

A motion for reconsideration is governed by Local Civil Rule 6.3. In deciding a motion for reconsideration pursuant to Local Civil Rule 6.3, the Court applies the same standards as those governing former Local Civil Rule 3(j). See United States

v. Letscher, 83 F. Supp. 2d 367, 382 (S.D.N.Y. 1999) (collecting cases).  The moving party is required to demonstrate that the Court overlooked the controlling decisions or factual matters that were put before the Court in the underlying motion.  See Walsh v. McGee, 918 F. Supp. 107, 110 (S.D.N.Y. 1996); In re Houbigant, 914 F. Supp. 997, 1001 (S.D.N.Y. 1996).  This rule is "narrowly construed and strictly applied so as to avoid repetitive arguments on issues that have been considered fully by the Court."  Walsh, 918 F. Supp. at 110; see also Ackerman v. Ackerman, No. 10 Civ. 6773, 2013 WL 425549, at *1 (S.N.D.Y. February 4, 2013).

## II.

The plaintiff has failed to demonstrate that the Court overlooked any controlling decisions or any factual matters that were put before the Court in the underlying motion.

### A.

The plaintiff alleges that that CLICNY fraudulently and in breach of its fiduciary duty failed to provide the plaintiff with information regarding the applicable statute of limitations.  The plaintiff also alleges that his disabilities merit equitable tolling of the statute of limitations.  These arguments were not raised in connection with the motion for

summary judgment, and there is no basis for this Court to consider arguments raised for the first time on a motion for reconsideration.  Accordingly, these new arguments are not a basis for reopening the case or reconsidering this Court's opinion granting summary judgment in favor of the defendant.

In any event, these arguments are without merit.

i.

The plaintiff claims that the defendant fraudulently failed to provide the plaintiff with accurate information regarding the applicable statute of limitations in violation of its fiduciary duty to the plaintiff.  Under Rule 9(b) of the Feral Rules of Civil Procedure, "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake."  Fed. R. Civ. P. 9(b).  Rule 9(b) requires a plaintiff to "specify the time, place, speaker, and content of the alleged misrepresentations . . . [and] explain how the misrepresentations were fraudulent."  Caputo v. Pfizer, Inc., 267 F.3d 181, 191 (2d Cir. 2001) (internal quotation marks, alteration, and citations omitted).  The allegations in the motion for reconsideration are plainly insufficient to meet the pleading standard required for fraud claims.  The plaintiff does not state with specificity who made misrepresentations to him regarding the Policy, what those misrepresentations were, or

3

when they occurred.  Therefore, the plaintiff's allegations in the Motion for Reconsideration fail to satisfy the requirements of a fraud claim.

In his reply affirmation dated June 26, 2013, the plaintiff complains that CLICNY and the Plan Administrator at his employer refused to provide him with the original contract, apparently the contract between CLICNY and his employer to provide long-term disability income.  However, he concedes—as he did in the original motion for reconsideration—that he was provided with a booklet that contained a description of the "Long-Term Disability Plan."  That booklet contained a description of the statute of limitations that was almost a verbatim repetition of the statute of limitations in the Policy.  The booklet provides: "Legal Actions.— . . . No action will be brought at all unless brought within three years after the time within which proof of loss is required by the policy (Kansas: 5 years; South Carolina: 6 years)."  It was undisputed on this motion for summary judgment that June 4, 2002 was the date by which proof of loss was required under the policy.  Chepilko, 2012 WL 2421536, at *5 n.5.  CLICNY denied Chepilko's appeal in February 2003 and reminded him of his right to bring a legal action.  He was plainly on notice of the requirement to bring a legal action within three years, but he failed to file the current lawsuit until March 26, 2008, when it was plainly time-barred.

4

There is therefore no merit to the plaintiff's claim that the defendant defrauded him or breached any duty to him. See Bitman Constr. Corp. v. Ins. Co. of N. Am., 489 N.E. 2d 236, 238 (N.Y. 1985). The plaintiff was informed of the statute of limitations in the booklet provided to him; he was informed that his appeal was denied; and he was informed of his right to bring a legal action. He then ignored the statute of limitations, and his complaint was properly dismissed.

**ii**.

The plaintiff also alleges that the statute of limitations should be equitably tolled because of disabilities that prevented him from complying with the statute of limitations. "[E]quitable tolling is only appropriate in rare and exceptional circumstance[s], in which a party is prevented in some extraordinary way from exercising his rights." Zerilli-Edelglass v. N.Y.C. Transit Auth., 333 F.3d 74, 80 (2d Cir. 2003) (internal quotation marks, citations, and alteration omitted). Accordingly, equitable tolling is appropriate where the plaintiff diligently pursued judicial remedies and filed a timely but defective pleading; where the defendant's misleading conduct prevented the plaintiff from becoming aware of the cause of action; or where a medical condition or impairment prevented the plaintiff from timely filing. Id. "When determining

5

whether equitable tolling is applicable, a district court must consider whether the person seeking application of the equitable tolling doctrine (1) has acted with reasonable diligence during the time period [the plaintiff] seeks to have tolled and (2) has proved that the circumstances are so extraordinary that the doctrine should apply." Id. at 80-81 (quoting Chapman v. ChoiceCare Long Island Term Disability Plan, 288 F.3d 506, 512 (2d Cir. 2002)) (internal quotation marks omitted).

The plaintiff points to the following statement of Dr. Khotimsky in support of his argument that equitable tolling should apply: "Due to the integration of his medical and psychiatric conditions, [the plaintiff's] memory, concentration, and overall Activities of Daily Living are significantly impaired. Therefore, [the plaintiff] experiences difficulty carrying out common daily tasks such as keeping appointments and responding timely to inquiries (mail, bills, phone calls, etc)." (Mot. for Recons. ¶ 12.) This statement is dated September 13, 2012 and provides no insight into why the plaintiff did not file this lawsuit at any time after at least February 2003, when his appeal was denied. The plaintiff provides no facts that would demonstrate reasonable diligence in pursuing his claim, and the plaintiff's allegations regarding his disability are not specific enough to justify the extraordinary application of equitable tolling. Therefore, the plaintiff's equitable tolling

arguments also do not serve as a basis to reopen or reconsider his claim.

**B.**

In his Motion for Reconsideration, the plaintiff reasserts his argument that the statute of limitations in the insurance policy was vague and ambiguous, and, therefore, the six-year statute of limitations for breach of contract under New York law should apply.  This Court considered and rejected that argument in its opinion on the Motion for Summary Judgment.  <u>See</u> <u>Chepilko</u>, 2012 WL 2421536, at *7.  This Court found that the language in the policy setting a three-year statute of limitations was "plain and unambiguous," and held that the plaintiff's claim was time-barred.  <u>Id.</u>  Nothing in the motion for reconsideration changes that conclusion.  Accordingly, the plaintiff's Motion for Reconsideration is denied.

**C.**

In his most recent filing, the plaintiff also seeks to amend his complaint.  However, that request is plainly untimely because it is made for the first time in reply papers on a motion for reconsideration and is made more than a year after the Court granted the motion for summary judgment dismissing the complaint.  Moreover, there is nothing in the plaintiff's filing

that suggests that there is any basis to avoid dismissal of the complaint on the grounds that it is barred by the statute of limitations.  Therefore, any amendment would be futile.  See Acito v. IMCERA Grp., Inc., 47 F.3d 47, 54-55 (2d Cir. 1995).

## CONCLUSION

The Court has considered all of the arguments of the parties.  To the extent not specifically addressed above, the remaining arguments are either moot or without merit.  For the foregoing reasons, the plaintiff's Motion for Reconsideration is **denied.  The Clerk of the Court is directed to close Docket No. 75.**

SO ORDERED.
Dated:    New York, New York
          July 8, 2013

                                      _____/s/_____
                                            **John G. Koeltl**
                                  **United States District Judge**